## Moore v. Moore

*Norman E. Dettra, Jr.,* for plaintiff.
*Susan E.B. Frankowski,* for defendant

SAYLOR, *J.,* June 6, 1985—In this divorce action, we granted plaintiff-husband's petition for bifurcation and denied defendant-wife's petition for special relief under Pa.R.C.P. 1920.43.[1] Defendant has filed an appeal to the Superior Court. This opinion, required by Pa.R.A.P. 1925, is rendered in support of our bifurcation order.

Plaintiff and defendant were married on September 8, 1963. They subsequently separated on Sep-

_____

1. Rule 1920.43 provides as follows:

"(a) At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,

(1) issue preliminary or special injunctions necessary to prevent the removal, disposition, alienation or encumbering of real or personal property in accordance with Rule 1531(a), (c), (d) and (e); or

(2) order the seizure or attachment of real or personal property; or

(3) grant other appropriate relief."

tember 20, 1980, and have been living apart since that date. They are the parents of two children,[2] both of whom are supported by plaintiff.

The parties filed their respective affidavits of consent per section 201(c)[3] of the Divorce Code[4] in March of 1983. The special master filed his report on February 23, 1984, recommending that they be divorced. Plaintiff then filed the instant petition for bifurcation. Following a hearing, and after considering the special master's report, we conditioned bifurcation upon plaintiff's filing of record a stipulation in which he agreed, for himself and his estate, that defendant shall continue to have a right to alimony pendente lite, counsel fees and costs until a final order for equitable distribution has been entered and satisfied, and in which he further expressly waived for himself and his estate all rights which may accrue after his death or incompetency under the Dead Man's Rule.[5,6] We proceeded in this man-

---

2. Their daughter, Mary E. Moore, was born January 23, 1965, and is presently attending Vanderbilt University in Nashville, Tennessee; Thomas W. Moore, III, their son, was born on August 30, 1968, and resides with plaintiff.

3. Section 201(c) provides that "[i]t shall be lawful for the court to grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and 90 days have elapsed from the date of filing and an affidavit has been filed by . . . the parties evidencing that each . . . consent to the divorce." A complaint in divorce was filed on May 1, 1981.

4. Act of April 2, 1980, P.L. 63, 23 P.S. §101 et seq.

5. 42 Pa.C.S. §5930.

6. We ordered that the stipulation be in substantially the following form:

"STIPULATION

, 1985, Thomas W. Moore, Jr., plaintiff in the above-captioned case, as a condition to the granting of his petition for bifurcation and in consideration therefore, and ex-

ner in order to ensure that defendant would not be economically disadvanaged as a result of bifurcation. After plaintiff satisfied our condition, we entered an order of bifurcation, retaining jurisdiction over all record claims for which a final order has not yet been entered.

Defendant claims that her rights and position were prejudiced by bifurcation of the divorce in that her claim for alimony will be defeated in the event of plaintiff's death and by reason of her loss of medical insurance coverage through plaintiff's employer. She claims that plaintiff neither alleged, nor proved that he would have been prejudiced had the marriage been permitted to continue and that under the circumstances, any benefits of bifurcating to plaintiff were not greater than the harm to defendant. We disagree.

---

pressly intending to be legally bound hereby, stipulates as follows:

"1. Plaintiff, Thomas W. Moore, Jr., for himself and his personal representatives, heirs and assigns, agrees that the alimony pendente lite, counsel fees and costs, in such amounts as may from time to time be determined to be proper, after the time of any divorce and up to the time an order for equitable distribution has been entered, has become final, and as to which all appeals have been finally disposed of and distribution has been made in accordance therewith.

"2. Plaintiff, Thomas W. Moore, Jr., for himself and his personal representatives, heirs and assigns, during the pendency of this action and in this action, waives all rights that may accrue after his death or incompetency to benefit from the so-called Dead Man's Rule, 42 Pa.C.S. §5930, and agrees that defendant, Harriet M. Moore, may testify against his interest or the interest of his estate in any outstanding related claims for equitable distribution, alimony, alimony pendente lite, counsel fees and expenses after his death or incompetency, just as though he had remained alive and competent."

Section 401(b) of the Divore Code provides in pertinent part:

"Any decree granting a divorce or an annulment, shall include after a full hearing, where these matters are raised in the complaint, the answer or other petition, an order or orders determining and disposing of existing property rights and interests between the parties, custody and visitation rights, child support, alimony and any other related matters including the enforcement of separation agreements voluntarily entered into between the parties. . . . *In the event that the court is unable for any reason to determine and dispose of the matters provided for in this subsection within 30 days after the master's report has been filed, it may enter a decree of divorce or annulment.* The court may order alimony, reasonable counsel fees and expenses *pending final disposition* of the matters provided for in' this subsection. . . ." (Emphasis added.) Similarly, Pa.R.C.P. 1920.52(c), which concerns court hearings in divorce or annulment actions, provides that "[t]he court need not determine all claims at one time but may enter a decree adjudicating a specific claim or claims." The preceding language has been interpreted by our Superior Court to permit severance or bifurcation of the economic claims from the divorce claim in these actions. See Wolk v. Wolk, 318 Pa. Super. 311, 464 A.2d 1359 (1983).

The Wolk court also set forth standards for bifurcation. It stated:

"The decision to bifurcate . . . should be made only after the disadvantages and the advantages have been carefully explored and analyzed. Each case must be reviewed on its own facts and only following the court's determination that the consequences of bifurcating the case will be of greater

benefit than not bifurcating, should it grant the petiton. . . ."

"Since the decision to bifurcate is discretionary, we will review lower court decisions pertaining to bifurcation by using an abuse of discretion ·standard. So long as the trial judge assembles adequate information, thoughtfully studies this information, and then explains his decision regarding bifurcation, we defer to his discretion. In other words, this determination should be the result of reflective examination of the individual facts of each case." Id. at 317-318, 464 A.2d at 1362.

We have applied the Wolk standards here and are satisfied that, on balance, the advantages of bifurcating far outweigh the disadvantages, if any. Defendant argues that in the event of plaintiff's death following bifurcation, her claim for alimony will be defeated since such a support obligation does not survive the obligor unless there is an agreement providing otherwise. However, as a result of our conditional grant and plaintiff's compliance therewith, defendant may testify against plaintiff's interest or the interest of his estate in any outstanding related claims for equitable distribution, alimony, alimony pendente lite, counsel fees and expenses in the event plaintiff dies prior to settlement of the economic claims. She is, therefore, adequately protected.

Regarding defendant's claim pertaining to her loss of medical insurance coverage through plaintiff's employer, she has the continuing right to seek an increase in her monthly support ·payments[7] to cover this loss. And these support payments, plus any increase defendant might receive, are required

---

7. Presently, $1,850.

to continue pending resolution of the economic matters. Id.

The only disadvantage to defendant we can perceive is that she might lose a certain amount of tactical leverage over plaintiff; however, the continuation of a marriage as a tactical tool to force submission on other issues should not be tolerated. Plaintiff now resides in Minnesota, while defendant has remained in Pennsylvania. At the hearing, plaintiff testified that being married, but physically separated from his wife, was making it difficult for him to acquire and dispose of property. In addition, such an arrangement cannot be conducive to the pursuance of a normal single social life by either party. We think that in this case, refusing to bifurcate would only prolong the trauma of the divorce. Because plaintiff and defendant, both mature individuals, have agreed that their differences are irreconcilable, and because defendant is not economically disadvantaged by the fact of the divorce being issued, we think each should be free to begin a new chapter in their lives.

For all these reasons, our decision to bifurcate was proper.